73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 ZF, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7033.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss ZF's appeal for lack of jurisdiction. ZF has not responded.
 
 
 2
 ZF sought service connection for post-traumatic stress disorder (PTSD). The regional office denied ZF's claim. ZF appealed to the Board of Veterans Appeals. The Board denied service connection, finding that ZF did not have PTSD and thus concluding that PTSD was not incurred in or aggravated by active service. ZF appealed to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the Board's decision, concluding that there was a plausible basis for the Board's finding that ZF did not have PTSD.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, ZF challenges factual determinations and the evidence relied upon by the Court of Veterans Appeals. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.